Kristin Walker-Probst (State Bar No. 206389)
David A. Berkley (State Bar No. 260105)
**WOMBLE BOND DICKINSON (US) LLP**
400 Spectrum Center Drive, Suite 1700
Irvine, California 92618
Telephone: (714) 557-3800
Facsimile: (714) 557-3347
Email: Kristin.Walker-Probst@wbd-us.com
         David.Berkley@wbd-us.com

Attorney for Plaintiff
FUTUREWEI TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

## STATE OF CALIFORNIA, SOUTHERN DISTRICT

| | |
|---|---|
| FUTUREWEI TECHNOLOGIES, INC., a Texas corporation, <br><br> Plaintiff, <br><br> v. <br><br> ZOVIO INC., a Delaware corporation, <br><br> Defendant. | Case No.: **'23CV0117 BTM BLM** <br> Unlimited Civil <br><br><br> **COMPLAINT FOR BREACH OF CONTRACT** <br><br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Futurewei Technologies, Inc. ("FUTUREWEI"), by and through its undersigned counsel, brings this Complaint against Defendant Zovio Inc. ("ZOVIO") (collectively the "Parties") and alleges as follows:

## **PARTIES**

1. FUTUREWEI is a Texas corporation with its principal place of business located at 2220 Central Expressway, Santa Clara, CA 95050. FUTUREWEI engages in research and development of information and communication technologies.

2.  Upon information and belief, ZOVIO is a Delaware corporation that is in the dissolution process, with its principal place of business located at 1811 E. Northrop Boulevard, Chandler, Arizona, 85286. Upon information and belief, ZOVIO is, or was at all times relevant hereto, a for-profit corporation, which markets itself as an "education technology services company" providing services to institutions of higher education.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over the instant claims asserted herein pursuant to 28 U.S.C. § 1332(a)(1), as FUTUREWEI is a Texas corporation with its corporate headquarters in California. As a result, for purposes of diversity under 28 U.S.C. § 1332(a)(1), FUTUREWEI is a citizen of both Texas and California. ZOVIO is a dissolved Delaware corporation with its corporate headquarters in Arizona. ZOVIO is a citizen of both Delaware and Arizona. Furthermore, the claims asserted herein exceed the minimum amount in controversy of $75,000.00.

4.  Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the property that is the subject of the action is located 10180 Telesis Court, San Diego, California 92121, which is within the State of California and in San Diego County. Moreover, the Master Lease, which is incorporated by reference to the Sublease at issue, contains a Choice of Law provision whereby the parties agreed to jurisdiction in San Diego County - the county where the subject property is located. (Section 27 of the Master Lease attached as **Exhibit B**.)

## FACTUAL ALLEGATIONS

5.  This is an action by FUTUREWEI to recover damages from ZOVIO for its failure to pay rent pursuant to a Sublease Agreement (the "SUBLEASE") entered into by FUTUREWEI and ZOVIO (collectively the "PARTIES") on April 15, 2020. The SUBLEASE is attached hereto as **Exhibit A**.

6. FUTUREWEI, as successor-in-interest to Huawei Device USA, Inc. ("HUAWEI"), is the tenant under a written lease agreement (the "MASTER LEASE") dated as of November 17, 2016, with John Hancock Insurance Company ("JOHN HANCOCK"). The MASTER LEASE is attached hereto as **Exhibit B**. Pursuant to paragraph 6 of the SUBLEASE, the SUBLEASE is subject to the terms and conditions of the MASTER LEASE.

7. FUTUREWEI and ZOVIO are engaged in a sublessor and sublessee relationship pursuant to which ZOVIO subleases from FUTUREWEI the entirety of office space consisting of approximately 19,143 rentable square feet of space commonly known as 10180 Telesis Court, Suite 400, San Diego, California 92121(the "PREMISES").

8. On or about April 15, 2020, ZOVIO signed the SUBLEASE, manifesting assent to its terms and thus becoming bound by its terms.

9. Pursuant to the SUBLEASE, ZOVIO is obligated to pay FUTUREWEI monthly base rent plus operating expenses (as defined in the MASTER LEASE) through February 28, 2025. For the period from May 1, 2020 through April 30, 2021, the monthly base rent was $47,858.00. For the period from May 1, 2021 through April 30, 2022, the monthly base rent was $49,293.00. For the period from May 1, 2022 through April 30, 2023, the monthly base rent is $50,777.00. For the period from May 1, 2023 through April 30, 2024, the monthly base rent is $52,295.00. For the period from May 1, 2024 through February 28, 2025, the monthly base rent is $53,864.00.

10. The current (for 2023) monthly operating expenses are $5,592.89 per month.

11. The Commencement Date under the SUBLEASE was May 1, 2020. Between May 2020 and October 2022, ZOVIO paid FUTUREWEI the base rent and operating expenses owed and due under the SUBLEASE.

12.     On November 1, 2022, ZOVIO failed to pay FUTUREWEI the $50,777.00 base rent for November 2022 and did not pay the $4,205.18 in monthly operating expenses.

13.     Immediately thereafter, a representative from FUTUREWEI contacted ZOVIO'S accounts payable department and asked about the status of the November 2022 SUBLEASE payment.  FUTUREWEI did not receive a response.

14.     On November 17, 2022, Zihan Wang, Payment Administrator of FUTUREWEI, sent an email to Keyvan Mahdavifar, Manager Enterprise Endpoint Operations of ZOVIO, and inquired about the status of payment. Ms. Wang's November 17, 2022 email is attached hereto as **Exhibit C.**

15.     On November 21, 2022, Paul Roberts of MCA Financial Group, Ltd. ("MCA"), sent an email to Ms. Wang on behalf of ZOVIO.  Mr. Roberts' email contained two attachments: (1) a generic letter dated September 27, 2022 from Kevin Royal, Chief Financial Officer of ZOVIO, addressed to "*whom it may concern*" advising the unidentified recipient that ZOVIO retained MCA "*to assist in certain financial and operations matters related to Zovio's Plan of Dissolution (copy attached)*"; and (2) ZOVIO's Notice of Special Meeting of Stockholders.  Mr. Roberts' November 21, 2022 email and attachments are attached hereto collectively as **Exhibit D.**  Prior to November 21, 2022, FUTUREWEI was unaware of ZOVIO's intent to dissolve as a Delaware corporation.

16.     Subsequently, FUTUREWEI learned that ZOVIO had previously filed a Certificate of Dissolution with the State of Delaware on October 28, 2022 and an Amendment to the same on November 18, 2022. A copy of ZOVIO's October 28 and November 18, 2022 corporate filings are attached collectively as **Exhibit E.**

17.     On December 1, 2022, ZOVIO failed to pay FUTUREWEI the $50,777.00 base rent for December 2022 and did not pay the $4,205.18 in monthly operating expenses.

18. On December 12, 2022. Yifan Li, Senior Manager of Administration for FUTUREWEI, sent a Notice of Default ("December 12, 2022 NOD") to Mr. Royal via email and UPS. Ms. Li included invoices for both the November and December 2022 unpaid rent as well as a reconciliation notice for operating expenses from 2021. A copy of Ms. Li's December 12, 2022 email, including all attachments, is attached collectively as **Exhibit F**. Mr. Royal did not respond to the December 12, 2022 NOD.

19. On December 31, 2022, FUTUREWEI sent ZOVIO a Notice of Belief of Abandonment ("December 31, 2022 NOBA") pursuant to California Civ. Code § 1951.2. A copy of the December 31, 2022 NOBA is attached hereto as **Exhibit G**. The December 31, 2022 NOBA stated that the PREMISES will be deemed abandoned and the SUBLEASE terminated if ZOVIO failed to provide written notice on our before January 18, 2023 that it did not intend to abandon the PREMISES. (*Id*.)

20. On January 1, 2023, ZOVIO failed to pay FUTUREWEI the $50,777.00 base rent for January 2023 and did not pay the $5,592.89 in monthly operating expenses.

21. ZOVIO failed to respond, whatsoever, to the December 31, 2022 NOBA by January 18, 2023. As such, the SUBLEASE is deemed terminated. The following day, January 19, 2023, FUTUREWEI sent ZOVIO a SUBLEASE TERMINATION NOTICE. A copy of the January 19, 2023 SUBLEASE TERMINATION NOTICE is attached hereto **Exhibit H.**

22. Section 10 of the MASTER LEASE specifies the Landlord's remedies in the event of default. Under Section 10 of the MASTER LEASE, as incorporated by reference into the SUBLEASE, FUTUREWEI is entitled to collect all unpaid base rent, operating expenses and additional costs (e.g., advanced utilities, etc.) as of the date of termination, as well as all future base rent, operating expenses, and additional costs through the end of the SUBLEASE term (February 28, 2025), less any amount of loss that ZOVIO proves could have been reasonably avoided.

23. Moreover, in addition to ZOVIO's failure to pay rent pursuant to the SUBLEASE, upon information and belief, ZOVIO has unilaterally changed the keys to both the exterior and interior locations throughout the PREMISES without prior consent and authorization from FUTUREWEI. ZOVIO's conduct in this regard is a direct violation of Paragraph 15 of Schedule E of the MASTER LEASE which may have resulted in a series of San Diego County Fire Code violations.

24. As a result of the breaches of the SUBLEASE, FUTUREWEI has been damaged in excess of $75,000, plus interest pursuant to the terms of the Section 10(a) of the MASTER LEASE, reasonable attorney's fees incurred pursuant to Section 10(b) of the MASTER LEASE and costs.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

25. FUTUREWEI incorporates and realleges by reference each and every allegation of the preceding paragraphs as if fully set forth herein.

26. The SUBLEASE created a valid contract between FUTUREWEI and ZOVIO through an offer, acceptance, and consideration. Specifically, the SUBLEASE provided reasonable notice to ZOVIO that its occupancy of the PREMISES was governed by the terms of the SUBLEASE. By signing the SUBLEASE and occupying the PREMISES, ZOVIO manifested assent to the terms of the Sublease.

27. FUTUREWEI has performed all conditions and covenants to be performed on its part under the SUBLEASE, except in so far as such performance has been prevented or excused by the acts and omissions of ZOVIO. ZOVIO breached the terms of the SUBLEASE and MASTER LEASE by failing to pay the monthly rent installments, interest, late fees and operating expenses. ZOVIO also breached the agreements when it changed the locks to various entrances at the PREMISES without FUTUREWEI's prior consent.

28. As a result of the breaches of the SUBLEASE, FUTUREWEI has been damaged in excess of $75,000, plus interest pursuant to the terms of the Section 10(a) of the MASTER LEASE, reasonable attorney's fees incurred pursuant to Section 10(b) of the MASTER LEASE and costs.

## PRAYER FOR RELIEF

WHEREFORE, FUTUREWEI prays for relief as follows:

1. Actual damages and compensatory damages for the unpaid base rent, operating expenses and associated interest and late fees, in an amount exceeding $75,000 to be determined at trial, plus interest pursuant to the terms of the MASTER LEASE;

2. Reasonable attorney fees and costs incurred; and

3. Such other relief as the Court deems just and proper.

DATED: January 23, 2023          WOMBLE BOND DICKINSON (US) LLP

By:     *s/ David A. Berkley*
Kristin Walker-Probst
David A. Berkley
Email: Kristin.Walker-Probst@wbd-us.com
Email: David.Berkley@wbd-us.com

Attorney for Plaintiff
FUTUREWEI TECHNOLOGIES, INC.

## **DEMAND FOR JURY TRIAL**

FUTUREWEI hereby requests a jury trial on any and all claims so triable.

DATED: January 23, 2023              WOMBLE BOND DICKINSON (US) LLP


By:   *s/ David A. Berkley*
Kristin Walker-Probst
David A. Berkley
Email: Kristin.Walker-Probst@wbd-us.com
Email: David.Berkley@wbd-us.com

Attorney for Plaintiff
FUTUREWEI TECHNOLOGIES, INC.